UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| ESTEL LONG, JR. | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-359 |
| | ) | |
| OTTO PURKEY and RON INMAN | ) | |

### MEMORANDUM and ORDER

Estel Long, Jr., a prisoner in the Hamblen County jail in Morristown, Tennessee, brings this *pro se* civil rights complaint for damages pursuant to 42 U.S.C. § 1983,[1] alleging that he is being confined under conditions which are constitutionally inadequate. Since the plaintiff is a prisoner, he is **ASSESSED** the full filing fee of one hundred, fifty dollars ($150.00).[2] 28 U.S.C. § 1914(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir.1997).[3]

---

[1] Although the caption of the complaint also lists Darrell Horton and Henry Atkins as plaintiffs, the court does not consider them to be plaintiffs because they did not sign the pleading or submit applications to proceed *in forma pauperis.*

[2] The filing fee was increased to $250 on February 7, 2005. The plaintiff is being assessed the old filing fee since he filed this case before the increase.

[3] A prisoner who files a federal civil case *in forma pauperis* must be assessed the entire filing fee. Typically, after the fee has been assessed, the custodian of inmate trust accounts at the facility wherein the prisoner is housed is ordered to submit installment payments to the Clerk of Court, until the full

The plaintiff's claims are contained—not in his complaint—but in a separate handwritten paper attached thereto, on which is listed five categories of claimed unconstitutional conditions. The categories are labeled: "Food; Personal Hygiene; Mental Well-Being; Physical Well-Being; and Sanitation-There is None!". Each category contains various sub-claims.

The Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a), provides that no action shall be brought with respect to prison conditions under 42 U.S.C. § 1983 by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. In *Brown v. Toombs,* 139 F.3d 1102, 1103-04 (6th Cir.), *cert. denied,* 525 U.S. 833 (1998), the Sixth Circuit held that district courts should enforce the exhaustion of administrative remedies *sua sponte* if necessary.

The plaintiff asserts in paragraph II of his complaint that the Hamblen County jail does not have a prisoner grievance procedure. This is an interesting

---

amount of the filing fee has been paid. The court takes judicial notice that, in another Hamblen County prisoner's case, the plaintiff submitted a statement signed by the Chief Jailer, stating that the facility does not keep or maintain prisoner trust accounts. *See Flannery v. Hamblen County Sheriff's Dep't Medical Staff*, Civil Number 2:-5-cv-148, Doc. 6. Thus, the court concludes that the plaintiff has no inmate trust fund from which to draw periodic payments to satisfy the filing fee. Nevertheless, the plaintiff has been assessed the filing fee and this constitutes a financial obligation on the part of the plaintiff.

2

assertion, given the fact that numerous other Hamblen County prisoners who have filed § 1983 actions have indicated in their complaints that there is a grievance system in existence at the Hamblen County Jail.[4]

This court cannot proceed to consider and adjudicate the merits of the plaintiff's claims until all available administrative remedies have been completely exhausted. *Id.* However, if the Hamblen County jail does not have a grievance procedure, then the plaintiff will have satisfied § 1997e's requirement, since there are no *available* administrative remedies to exhaust.

Accordingly, to resolve this matter, the Clerk is **DIRECTED** to send the defendants a copy of the complaint, and they are **ORDERED** to inform the court as to whether there was an institutional grievance system in effect at the Hamblen County jail in September of 2004. They should also provide the court with relevant documentary evidence, such as a copy of the Hamblen County jail's written procedure and regulations on its grievance policies and procedures, including but

---

[4] *See, e.g., Flannery v. Hamblen County Sheriff's Dept. Medical Staff*, Civil Action No. 2:05-cv-148 (filed on May 20, 2005); *Kyle v. Inman*, Civil Action No. 2:05-cv-118; *Adams v. Purkey*, Civil Action No. 2:05-cv-92 (filed on Mar. 29, 2005); *Anderson v. Hamblen County Sheriff's Dept.*, Civil Action No. 2:05-cv-53 (filed on Feb. 28, 2005); *Seals v. Inman*, Civil Action No. 2:04-cv-335 (filed on Sept. 15, 2004); and *Lovin v. Inman*, Civil Action No. 2:04-cv-213 (filed July 23, 2001).

3

not limited to, the standard procedures for processing inmate grievances, including all available appeals. If there is a grievance procedure in existence in the Hamblen County jail, then the defendants **SHALL** supply the court with any evidence showing that they informed of the plaintiff of the procedure and gave him the opportunity to file a grievance.

For the plaintiff's part, he should disclose to the court the source upon which he bases his assertion that the Hamblen County jail lacks a grievance system.

The parties are **ORDERED** to file their responses and all supporting documentation with the court within twenty (20) days of the date on this order. The plaintiff is also **ORDERED** to notify the court and the defendants or their counsel of record of any change of address, within ten days of the change. His failure to do so will result in the dismissal of this action.

ENTER:

       s/Thomas Gray Hull
       THOMAS GRAY HULL
         SENIOR U. S. DISTRICT JUDGE